UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL J. GOODMAN and LINDA BROWN, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br>　　v.<br><br>GENWORTH FINANCIAL WEALTH MANAGEMENT, INC., GENWORTH FINANCIAL, INC. and GURINDER S. AHLUWALIA,<br><br>　　　　　　　　Defendants. | Civ. No. 09-5603(LDW)(ARL)<br><br>**DEFENDANTS' ANSWER** |

Defendants Genworth Financial Wealth Management, Inc. ("GFWM"), Genworth Financial, Inc. and Gurinder S. Ahluwahlia (collectively "Defendants"), by their attorneys SNR Denton US LLP, hereby answer Plaintiffs' Amended Complaint as follows:

**RESPONSES TO SPECIFIC ALLEGATIONS**

**SUMMARY OF THE ACTION**

　　1.　　Defendants admit that Plaintiffs have filed this action against GFWM, Genworth Financial, Inc., and Gurinder S. Ahluwalia and purport to represent a putative class. Defendants deny all remaining allegations in Paragraph 1 of the Amended Complaint.

　　2.　　To the extent that Paragraph 2 of the Amended Complaint references any document that is in writing, Defendants state that said document speaks for itself, deny any characterizations thereof, and respectfully refer the Court to said document for its full content

- 2 -

and context. Defendants deny all remaining allegations in Paragraph 2 of the Amended Complaint and specifically deny that "all" GFWM sales and marketing materials were disseminated to all prospective and current investors in GFWM's Private Client Group ("PCG").

3.  Defendants deny the allegations in Paragraph 3 of the Amended Complaint.

4.  Defendants deny the allegations in Paragraph 4 of the Amended Complaint.

## JURISDICTION AND VENUE

5.  Defendants admit that Plaintiffs make certain allegations in their Amended Complaint under the Securities Exchange Act of 1934 and under state law. Defendants deny any remaining allegations in Paragraph 5 of the Amended Complaint.

6.  Defendants admit that this Court has jurisdiction over this case.

7.  Defendants admit that venue is proper in this judicial district and deny all remaining allegations in Paragraph 7 of the Amended Complaint.

8.  Defendants admit that Defendants use the mails and interstate telephone communications in the day-to-day operations of Defendants' businesses. Defendants deny all remaining allegations in Paragraph 8 of the Amended Complaint.

## THE PARTIES

9. Defendants admit that Michael J. Goodman, Steve Yoelin, Clarice Yassick, and Martin Wasser were clients of GFWM's Private Client Group during the alleged class period. Defendants deny any remaining allegations in Paragraph 9 of the Amended Complaint.

10. Defendants admit that Genworth Financial, Inc. is a financial security company that offers products through its subsidiary companies, including annuities, life insurance, investment services, long term care insurance, Medicare supplement insurance, mortgage insurance, and payment protection insurance, and that Genworth Financial, Inc. employs in excess of 6,000 employees and is headquartered in Richmond, Virginia.

11. Defendants admit that GFWM is an indirect, wholly owned subsidiary of Genworth Financial, Inc.  Defendants state the allegations in Paragraph 11 of the Amended Complaint referring to Genworth Financial Asset Management (GFAM), a division of GFWM, are correct as to GFWM**.**

12. Defendants admit that Gurinder Ahluwalia is the President and Chief Executive Officer of GFWM and GFAM.

## PLAINTIFFS' CLASS ACTION ALLEGATIONS

13. Defendants admit that Plaintiffs purport to bring this class action claim against Defendants.  Defendants deny that this case is appropriate for class action treatment and deny all remaining allegations in Paragraph 13 of the Amended Complaint

14. Defendants acknowledge that Plaintiffs have excluded certain individuals from the putative class they purport to represent, as set forth in Paragraph 14 of the Amended Complaint.

15. Defendants admit that the joinder of all putative class members would be inappropriate. Defendants deny that this case is appropriate for class treatment and deny all remaining allegations in Paragraph 15 of the Amended Complaint.

16. Defendants deny the allegations in Paragraph 16 of the Amended Complaint.

17. Defendants admit that Plaintiffs have retained competent and experienced counsel. Defendants deny all remaining allegations in Paragraph 17 of the Amended Complaint.

18. Defendants deny the allegations in Paragraph 18 of the Amended Complaint, including its sub-parts (a)-(e).

19. Defendants deny the allegations in Paragraph 19 of the Amended Complaint.

## **BACKGROUND AND GENERAL ALLEGATIONS**

20. With respect to Paragraph 20 of the Amended Complaint, Defendants state that records reflect that the BJ Group was founded in 1986, and that the assets of the BJ Group, Inc. were purchased by Centurion Capital Management Corp. in 2000. Defendants further state that GE Financial Assurance Holdings, Inc. purchased the Centurion Capital Group, Inc. in late 2001, and that the name of the business was changed to GE Private Asset Management, Inc. in March, 2002. Defendants deny any remaining allegations in Paragraph 20.

21. With respect to Paragraph 21 of the Amended Complaint, Defendants state that General Electric completed its initial public offering of Genworth Financial, Inc. in May, 2004,

and that General Electric completed the sale of its remaining investment through a secondary public offering in March, 2006, not in 2005 as stated in Paragraph 21. Defendants further state that in March, 2006, GEPAM became Genworth Financial Asset Management, Inc.; that assets under management of GFAM's Private Client Group peaked in 2007 at approximately $1.1 billion; and that Genworth Financial Asset Management, Inc. became Genworth Financial Wealth Management, Inc. effective August 1, 2008. Defendants deny any remaining allegations in Paragraph 21.

     22.    Defendants admit that during certain portions of the class period and until approximately September, 2009, certain of its marketing and disclosure materials referenced GFWM's exclusive relationship with Robert Brinker, and one website reference to this exclusive relationship remained to and through September, 2009. To the extent that Paragraph 22 of the Amended Complaint references a document in writing, Defendants state that this document speaks for itself, deny any characterizations thereof, and respectfully refer the Court to said document for its full contents and context. Defendants deny all remaining allegations in Paragraph 22 of the Amended Complaint.

     23.    To the extent that Paragraph 23 of the Amended Complaint references a document in writing, Defendants state that this document speaks for itself, deny any characterizations thereof, and respectfully refer the Court to said document for its full content and context. Defendants deny any remaining allegations in Paragraph 23, and specifically deny that any particular referenced document was sent to all prospective GFWM clients during the alleged class period.

     24.    To the extent that Paragraph 24 of the Amended Complaint references a document in writing, Defendants state that this document speaks for itself, deny any characterizations

thereof, and respectfully refer the Court to said document for its full content and context. Defendants deny any remaining allegations in Paragraph 24, and specifically deny that any particular referenced document was sent to all prospective GFWM or PCG clients during the alleged class period.

25. To the extent that Paragraph 25 of the Amended Complaint references a document in writing, Defendants state that this document speaks for itself, deny any characterizations thereof, and respectfully refer the Court to said document for its full content and context. Defendants deny any remaining allegations in Paragraph 25.

26. To the extent that Paragraph 26 of the Amended Complaint references a document in writing, Defendants state that this document speaks for itself, deny any characterizations thereof, and respectfully refer the Court to said document for its full content and context. Defendants deny any remaining allegations in Paragraph 26, and specifically deny that any particular referenced document was provided to all existing and prospective GFWM or PCG clients during the alleged class period.

27. To the extent that Paragraph 27 of the Amended Complaint references a document in writing, Defendants state that this document speaks for itself, deny any characterizations thereof, and respectfully refer the Court to said document for its full content and context. Defendants deny any remaining allegations in Paragraph 27.

28. To the extent that Paragraph 28 of the Amended Complaint references a document in writing, Defendants state that this document speaks for itself, deny any characterizations thereof, and respectfully refer the Court to said document for its full content and context. Defendants deny any remaining allegations in Paragraph 28, and specifically deny that any

particular referenced document was provided to all existing and prospective GFWM or PCG clients during the alleged class period.

29. To the extent that Paragraph 29 of the Amended Complaint references a document in writing, Defendants state that this document speaks for itself, deny any characterizations thereof, and respectfully refer the Court to said document for its full content and context. Defendants state that, on occasion, GFWM personnel sent letters to potential clients, which letters differed from one another in form, nature and content. Defendants deny any remaining allegations in Paragraph 29.

30. To the extent that Paragraph 30 of the Amended Complaint references a document in writing, Defendants state that this document speaks for itself, deny any characterizations thereof, and respectfully refer the Court to said document for its full content and context. Defendants deny any remaining allegations in Paragraph 30, and specifically deny that any particular referenced document was provided to all existing and prospective GFWM or PCG clients during the alleged class period.

31. Defendants admit that during certain time periods within the alleged class period, a photograph of Robert Brinker appeared on its website. To the extent that Paragraph 31 of the Amended Complaint references a document in writing, Defendants state that this document speaks for itself, deny any characterizations thereof, and respectfully refer the Court to said document for its full content and context. Defendants deny all remaining allegations in Paragraph 31.

32. Defendants deny the allegations in Paragraph 32 of the Amended Complaint.

33. Defendants admit that certain, but not all, of the Funds referenced in Paragraph 33 of the Amended Complaint were purchased for certain GFWM clients in certain GFWM PCG portfolios, the details of which will be made clear in GFWM's productions in discovery in this case. Defendants deny any remaining allegations in Paragraph 33 and specifically deny the characterization of any fund as a "Non-Brinker" fund.

34. To the extent that Paragraph 34 of the Amended Complaint references the statements or recollection of an unidentified witness, Defendants state that it is without knowledge or information sufficient to form a belief regarding what such individual stated or believes. Defendants deny the substance of what is stated and deny all remaining allegations in Paragraph 34. To the extent that Paragraph 34 references a document in writing, Defendants state that this document speaks for itself, deny any characterizations thereof, and respectfully refer the Court to said document for its full content and context.

35. To the extent that Paragraph 35 of the Amended Complaint references the statements or recollection of an unidentified witness, Defendants state that it is without knowledge or information sufficient to form a belief regarding what such individual stated or believes. Defendants deny the substance of what is stated and deny all remaining allegations in Paragraph 35.

36. Defendants deny the allegations in Paragraph 36 of the Amended Complaint, and specifically deny that "performance" can be measured as stated in Paragraph 36. To the extent that Paragraph 36 of the Amended Complaint references any document in writing, Defendants state that this document speaks for itself, deny any characterizations thereof, and respectfully refer the Court to said document/s for its full content and context.

37. To the extent that Paragraph 37 of the Amended Complaint references the statements or recollection of an unidentified witness, Defendants state that they are without knowledge or information sufficient to form a belief regarding what such individual stated or may believe. Defendants deny the substance of what is stated in Paragraph 37, deny all remaining allegations in Paragraph 37, and specifically deny the characterization of any fund as a "non-Brinker" fund.

38. To the extent that Paragraph 38 of the Amended Complaint references the statements or recollection of an unidentified witness, Defendants state that they are without knowledge or information sufficient to form a belief regarding what such individual stated or may believe. Defendants deny the substance of what is stated in Paragraph 38 and deny all remaining allegations in Paragraph 38.

39. Defendants admit that GFWM maintained multiple portfolios for different GFWM clients with different risk tolerances, and further admit that certain of the multiple portfolios maintained by GFWM for the PCG were referred to as "Brinker Basic." Defendants deny all remaining allegations in Paragraph 39 of the Amended Complaint.

40. Defendants admit that GFWM filed an action in federal district court in Connecticut captioned *Genworth Financial Wealth Management, Inc. v. McMullan et al*, No. 09-cv-1521 (D.Ct.) against Timothy McMullan, Timothy McFadden, James Cook and others alleging, *inter alia*, theft of trade secrets, unfair business practices, and a wide range of other claims. Defendants respectfully refer the Court to the pleadings, public filings, and orders issued by the Court in said action for their full content and context. Defendants deny any remaining allegations in Paragraph 40 of the Amended Complaint.

41. Defendants respectfully refer the Court to the pleadings, public filings, and orders issued by the Court in the action captioned *Genworth Financial Wealth Management, Inc. v. McMullan et al*, No. 09-cv-1521 (D.Ct.) for their full content and context. To the extent that Paragraph 41 of the Amended Complaint references a document which is in writing, Defendants state that this document speaks for itself, deny any characterizations thereof, and respectfully refer the Court to said document for its full content and context. Defendants deny all remaining allegations in Paragraph 41.

42. Defendants respectfully refer the Court to the pleadings, public filings, and orders issued by the Court in the action captioned *Genworth Financial Wealth Management, Inc. v. McMullan et al*, No. 09-cv-1521 (D.Ct.) for their full content and context. To the extent that Paragraph 42 of the Amended Complaint references a document which is in writing, Defendants state that this document speaks for itself, deny any characterizations thereof, and respectfully refer the Court to said document for its full content and context. Defendants deny all remaining allegations in Paragraph 42.

43. Defendants deny the allegations in Paragraph 43 of the Amended Complaint.

**COUNT I: VIOLATIONS OF SECTION 10(B) OF THE EXCHANGE ACT AND RULE 10B-5 OF THE SECURITIES AND EXCHANGE COMMISSION (AGAINST ALL DEFENDANTS)**

44. Defendants admit that the Plaintiffs purport to allege violations of Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder in their Amended Complaint. Defendants deny all remaining allegations in Paragraph 44 of the Amended Complaint.

45. Defendants deny the allegations in Paragraph 45 of the Amended Complaint.

46. Defendants deny the allegations in Paragraph 46 of the Amended Complaint.

47. Defendants deny the allegations in Paragraph 47 of the Amended Complaint.

48. Defendants deny the allegations in Paragraph 48 of the Amended Complaint.

### COUNT II:  FOR VIOLATION OF SECTION 20(A) OF THE EXCHANGE ACT (AGAINST DEFENDANT AHLUWALIA)

49. Paragraph 49 of the Amended Complaint states a legal conclusion to which no response is required and on that basis Defendants deny it.  Defendants deny any remaining allegations in Paragraph 49.

50. Defendants deny the allegations in Paragraph 50 of the Amended Complaint.

51. Defendants deny the allegations in Paragraph 51 of the Amended Complaint.

### COUNT III:  FOR BREACH OF FIDUCIARY DUTY (AGAINST ALL DEFENDANTS)

52. Defendants admit that Plaintiffs entrusted GFWM with certain funds.  Defendants state that Paragraph 52 and its sub-parts state legal conclusions to which no response is required and on that basis Defendants deny its allegations.  Defendants deny all remaining allegations in Paragraph 52 of the Amended Complaint.

53. Defendants deny the allegations in Paragraph 53 of the Amended Complaint, including its subparts.

54. Defendants deny the allegations in Paragraph 54 of the Amended Complaint.

### PRAYER FOR RELIEF

Defendants deny the allegations in Plaintiffs' Prayer for Relief and deny that any relief is warranted.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants hereby reassert all defenses raised in their Motion to Dismiss the Amended Complaint, and also assert the following Defenses:

## FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted against each and all of the Defendants, both separately and together.

## SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part the Securities Litigation Uniform Standards Act of 1998, 15 U.S.C. §§ 77p(b); 78bb(f).

## THIRD DEFENSE

Plaintiffs lack standing to assert numerous claims in the Amended Complaint, and specifically lack standing to allege that Defendants misrepresented that Defendants had an exclusive advisory relationship with Mr. Brinker because none of the Plaintiffs claim to have purchased mutual funds with GFWM after August of 2009, which is the date when Plaintiffs claim that the relationship was non-exclusive.

## FOURTH DEFENSE

Plaintiffs' claims are barred in whole or in part under applicable statutes of limitation and repose.

**FIFTH DEFENSE**

The claims are barred in whole or in part to the extent Plaintiffs failed to take steps to mitigate their alleged damages.

**SIXTH DEFENSE**

Plaintiffs' claims are barred by the doctrines of waiver, ratification, acquiescence, laches and estoppel.

**SEVENTH DEFENSE**

Plaintiffs' are obligated to pursue their claims in an arbitration forum on an individual basis, not through a federal court class action, pursuant to their contractual agreements with GFWM and the Federal Arbitration Act.

**EIGHTH DEFENSE**

Plaintiffs' claims against Genworth Financial are barred because Plaintiffs lack the requisite standing to sue Genworth Financial.

IN ADDITION, by asserting the above defenses as "affirmative or other," Defendants do not waive or change any burden of proof allocated to Plaintiffs by law or practice

Defendants hereby give notice that they intend to rely upon any additional defenses that become available or apparent during the course of discovery, and thus reserve the right to amend this Answer to assert such additional defenses.

WHEREFORE, for the foregoing reasons, Defendants demand judgment:

a. Dismissing the Amended Complaint;

b. Awarding Defendants their cost of suit, including attorneys' fees, incurred in defending this action; and

c. Awarding Defendants such other and further relief as the Court deems just and proper.

Dated: May 6, 2011

>Respectfully submitted,

>SNR DENTON US LLP

>By: /s/   Sandra D. Hauser
>Reid L. Ashinoff
>Sandra D. Hauser
>Brendan E. Zahner

>1221 Avenue of the Americas
>New York, New York 10020-1089
>Tel:  (212) 768-6700
>Fax:  (212) 768-6800
>reid.ashinoff@snrdenton.com
>sandra.hauser@snrdenton.com
>brendan.zahner@snrdenton.com

>*Counsel for Genworth Financial Wealth Management, Inc., Genworth Financial, Inc. and Gurinder S. Ahluwalia*