UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL J. GOODMAN and LINDA BROWN, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GENWORTH FINANCIAL WEALTH MANAGEMENT, INC., GENWORTH FINANCIAL, INC., and GURINDER S. AHLUWALIA, <br><br> Defendants. | CASE NO. CV-09-5603 (JFB) (GRB) <br><br> <u>CLASS ACTION</u> |

## NOTICE OF SUPPLEMENTAL AUTHORITIES

Plaintiffs respectfully submit the following supplemental authorities in further support of their pending Motion for Class Certification: (1) The United States Supreme Court's decision in *Amgen Inc. v. Connecticut Retirement Plans and Trust Funds*, __U.S.__, 2013 WL 691001 (Feb. 27, 2013) ("*Amgen*") (Exhibit A); (2) the Second Circuit's decision in *Levitt v. J.P. Morgan Secs., Inc.*, 2013 U.S. App. LEXIS 5329 (2d Cir. March 15, 2013) ("*Levitt*") (Exhibit B); (3) The decision in *Chilton v. Smith Barney Fund Management*, 05 cv 7583 (WHP) (S.D.N.Y. March 21, 2013) ("*Smith Barney*") (Exhibit C); and (4) The decision in *Anwar v. Fairfield Greenwich*, 2013 U.S. Dist. LEXIS 26088 (S.D.N.Y. February 25, 2013) ("*Anwar*") (Exhibit D).

### ***Amgen***

In *Amgen*, the Supreme Court recently affirmed the certification of a class under Rule 23. The Supreme Court considered two questions: (1) whether a plaintiff is required to prove the materiality element of a claim under Section 10(b) of the Securities Exchange Act of 1934 in

order to demonstrate that common questions predominate over individual questions for the purposes of satisfying Fed. R. Civ. P. 23(b)(3); and (2) whether a court should consider evidence submitted by a defendant to rebut the plaintiff's showing of materiality before a class can be certified. *See* 2013 WL 691001, at *7. As to the first question, the Supreme Court squarely held that "proof [of materiality] is not a prerequisite to class certification." *Id.*, at *4. As the Court explained, "Rule 23(b)(3) requires a showing that questions common to the class predominate, not that those questions will be answered, on the merits, in favor of the class... The alleged misrepresentations and omissions, whether material or immaterial, would be so equally for all members of the class." *Id.* On the second question, the Court held that the district court properly refused to consider rebuttal evidence on materiality because "the potential immateriality of Amgen's alleged misrepresentations and omissions is no barrier to finding that common questions predominate." *Id.*, at *15.

The Supreme Court's resolution of these issues is important to the pending motion for class certification precisely because Defendants' opposition to the motion is based, in large measure, on their assertion that Plaintiffs are required to prove materiality at the class certification stage. In pursuit of that erroneous proposition, Defendants have focused a large part of their arguments on a purported rebuttal to Plaintiffs' showing of materiality. *Amgen* squarely rejects Defendants' arguments, well supports the merits of Plaintiffs' arguments that the materiality issues raised by Defendants go to the merits of Plaintiffs' case, and forecloses consideration of Defendants' so-called rebuttal evidence of materiality (including, but not limited to the declaration of Dr. Stangle proffered by Defendants) at the class certification stage of this litigation.

*Levitt*

In *Levitt*, the Second Circuit recently analyzed the presumption of reliance established by the Supreme Court in *Affiliated Ute v. United States*, 406 U.S. 128 (1972), in a case in which no fraud-on-the-market had been alleged. While the Second Circuit reversed the district court's order granting class certification, the court specifically found that "an omission of a material fact by a defendant with a duty to disclose establishes a rebuttable presumption of reliance upon the omission by investors to whom the duty was owed." *Levitt*, at 24. This is of particular importance here since Defendants have argued that is "well settled" under Rule 23 jurisprudence that a 10(b) claim "cannot be certified for class treatment unless the 'fraud on the market presumption' can be shown." Defs. Reply Br. § I.A; *see also* January 30, 2013 Hearing Transcript at 45. Plaintiffs pointed to *In re Beacon Associates Lit.*, 282 F.R.D. 315 (S.D.N.Y. 2012), as establishing to the contrary, *i.e.*, that the class is properly certified under Rule 23 since, among other reasons, Defendants had a fiduciary duty to disclose the omitted facts, and *Levitt* well further supports that argument especially in light of the Defendants' admissions and concessions that they were fiduciaries to Plaintiffs and the Class. As fiduciaries, Defendants had a legal obligation to disclose the material facts Plaintiffs allege were omitted and application of the class-wide presumption of reliance under *Affiliated Ute* is warranted.

*Smith Barney*

On March 21, 2013, Judge Pauley issued a Memorandum and Order granting class certification in a 10(b) class action based upon the *Affiliated Ute* presumption of reliance. The plaintiffs there conceded that the fraud-on-the-market presumption was inapplicable. *Smith Barney*, at 9. The plaintiffs there, as here, alleged that the defendants violated 10(b) by making a number of material misrepresentations and omissions. *Id.*, at 10. The court determined that the

*Affiliated Ute* presumption is a means of establishing a class-wide presumption of reliance entirely independent of the fraud on the market presumption. The *Affiliated Ute* presumption requires the assertion of a "duty to disclose," not an efficient market. *Smith Barney*, at 9 citing *Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc.*, 552 U.S. 148, 159 (2008). Defendants' omission of material facts in the face of a duty to disclose required application of the *Affiliated Ute* presumption of reliance: "Because the omissions are material . . . and because there was a duty of disclosure . . . class-wide reliance is presumed. *Smith Barney*, at 11.

The *Smith Barney* decision also rejects Defendants' argument that Plaintiffs' assertion of affirmative misrepresentations forecloses their right to challenge Defendants' material omissions. Def. Reply at 28-33. In *Smith Barney*, as here, the plaintiffs argued that the defendants had been "faithless fiduciaries," profiting at their clients' expense. These faithless acts had to be disclosed and their omission required the conclusion that the case "involve[d] primarily a failure to disclose." *Smith Barney*, at 10 (citation omitted).

### *Anwar*

On February 22, 2013, Judge Marrero granted plaintiffs' motion for class certification in a 10(b) class action. *Id.*, at 32. *Anwar*, like *Smith Barney*, squarely rejects the arguments made by Defendants here that a presumption of reliance cannot be established in a 10(b) class action absent allegations of a "fraud in the market." In *Anwar*, the court, citing *In re Beacon Associates Lit.*, 282 F.R.D. 315 (S.D.N.Y. 2012), found that the defendants were fiduciaries to the plaintiff and so had a duty to disclose the material facts alleged to have been omitted. Defendants here have never contested – and have, rather, admitted and conceded – that they had a fiduciary relationship with Plaintiffs and the Class. That admitted fiduciary relationship required the disclosure of all material facts regarding the relationship, including the investment process for

4

the BJ Group. As made clear in *Anwar*, a presumption of reliance under *Affiliated Ute* in such circumstances is well established.

Moreover, the *Anwar* decision clearly supports Plaintiffs' argument that a presumption of reliance can be established based on the fact that "Plaintiffs' claims arise out of Defendants' alleged fraudulent conduct, which was directed to all investors." *Id.*, at 36.

The *Anwar* decision further undercuts Defendants' argument here that every plaintiff must have received an identical set of information from Defendants during the Class Period to merit certification of the class. Rather, the court held that statements may be considered uniform based upon the common manner in which they were misleading. According to the court:

> As this Court noted under similar circumstances in another case, even assuming Defendants' claims that certain "communications to class members may not have been uniform, they allegedly were uniformly misleading. The variations are therefore immaterial and will not defeat class certification." *Bresson v. Thomson McKinnon Sec. Inc.*, 118 F.R.D. 339, 343 (S.D.N.Y. 1988).

*Id.*, at 33. Plaintiffs here have demonstrated that Defendants made a uniform statement, essentially identical, in every ADV disseminated during the Class Period that was uniformly misleading in its description of the BJ Group, its organization, services, and investment process. Every Plaintiff, and every Class member, received that identical statement at least annually throughout the Class Period, as well as every time he or she opened a new account. That showing goes well beyond the showing found to be sufficient in *Anwar* to certify the class.

5

Plaintiffs respectfully submit that given the recent above decisions, and based on the entire record before the Court, their motion for class certification should be granted.

Dated: March 28, 2013                                      Respectfully submitted,

/s/ James E. Tullman
Joseph H. Weiss
James E. Tullman
David C. Katz
Michael Rogovin
WeissLaw LLP
1500 Broadway
New York, New York 10036
(212) 682-3025
(212) 682-3010 (Fax)

Lenard Leeds
Jeffrey K. Brown
Rick Ostrove
Michael Tompkins
LEEDS BROWN LAW, PC
One Old Country Road, Suite 347
Carle Place, New York 11514
(516) 873-9550
(516) 747-5024 (Fax)

**Co-Lead Counsel for Plaintiffs
and the Proposed Class**